UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 10-67547-fra11 |
| SEQUOIA PARTNERS, LLC, ) | |
| Debtor. ) | |
| SEQUOIA PARTNERS, LLC ) | Adversary Proceedidng |
| ) | No. 10-06270-fra |
| Plaintiff, ) | |
| vs. ) | |
| ROGUE RIVER MORTGAGE, LLC, *et al.*, ) | |
| Defendants. ) | Memorandum Opinion[1] |
| ROGUE RIVER MORTGAGE, LLC, *et al.*, ) | |
| Counterclaim Plaintiffs, ) | |
| vs. ) | |
| SEQUOIA PARTNERS, LLC, *et al.*, ) | |
| Counterclaim Defendants. ) | |

A hearing was held on June 23, 2011, to consider, *inter alia*, a motion filed by Counterclaim Defendants Carling of America, Ltd., and Charbonneau Construction, Ltd. (the Moving Parties) that this court abstain from hearing Counterclaim Plaintiffs' first, third, fourth, and fifth cross-claims against the Moving Parties, to the extent those claims challenge the Moving Parties' state-law construction lien claims. At the

---

[1] This Memorandum Opinion is designated as not for publication.

Page 1 - Memorandum Opinion

conclusion of that hearing, the court took the matter under advisement and invited the parties to draft and forward memoranda on the effect of the recent Supreme Court opinion in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), as it may affect each party's respective position. The court's ruling follows.

The Moving Parties previously filed a state court action on January 6, 2011, in Josephine County Circuit Court to preserve their construction liens against property which is the subject of litigation in this matter. Counterclaim Plaintiffs challenge the status of those lien claims in this court.

For the reasons provided by the Moving Parties in their motion and given the strictly state-law nature of the construction lien claims and the holding in *Stern v. Marshall*, the bankruptcy court will abstain from hearing the above claims pursuant to 28 U.S.C. § 1334(c)(1). While the construction lien claims may be adjudicated in state court, the parties should remain cognizant of the fact that the automatic stay of 11 U.S.C. § 362 is still in effect and any judgment resulting from the adjudication of lien claims may not be executed against property of the estate absent leave of the bankruptcy court.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law, which shall not be separately stated. An order consistent herewith will be entered by the court.

FRANK R. ALLEY, III
Chief Bankruptcy Judge